IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER KNOX, IDOC # B61090,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-430-GPM |
| | ) |
| **MICHAEL RANDLE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Christopher Knox, a prisoner in the custody of the Illinois Department of Corrections who currently is incarcerated in the closed maximum security prison at the Tamms Correctional Center, brings this suit pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. By order entered January 21, 2011, the Court denied Knox's motion for leave to proceed in forma pauperis ("IFP") in this case. In denying Knox's IFP motion the Court found that at least three prior civil actions brought by Knox while incarcerated in which Knox sought redress from officers or employees of a governmental entity have been dismissed pursuant to 28 U.S.C. § 1915A as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See Knox v. Cox*, Civil No. 05-1017-HAB (C.D. Ill. Mar. 4, 2005) (order dismissing action for failure to state a claim upon which relief may be granted); *Knox v. Doran*, Civil No. 07-6936-WJH (N.D. Ill. Feb. 22, 2008) (order dismissing action for failure to state a claim upon which relief may be granted); *Knox v. Garlik*, Civil No. 08-1081-HAB (C.D. Ill. Apr. 23, 2008) (order dismissing action for failure to state a claim upon which relief may be granted). Accordingly, in the January 21 order the Court found that,

pursuant to 28 U.S.C. § 1915(g), Knox cannot proceed IFP in this case unless he can show that he is under imminent danger of serious physical injury.  In the January 21 order the Court found further that the allegations of Knox's pro se complaint and the averments of Knox's affidavit in support of his IFP motion do not show that Knox is under imminent danger for purposes of Section 1915(g). Thus, the Court ordered Knox to pay the full $350 filing fee for this case not later than February 7, 2011, or this case would be dismissed.  To date, the filing fee for this case remains unpaid.  Therefore, pursuant to Rule 41 of the Federal Rules of Civil Procedure, it is hereby **ORDERED** that this case is **DISMISSED with prejudice** by reason of Knox's failure to comply with the Court's January 21 order.  See Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994). The Clerk of Court will enter judgment in accordance with this Order.

    **IT IS SO ORDERED.**

    DATED: February 10, 2011

                                        /s/ G. Patrick Murphy
                                        G. PATRICK MURPHY
                                        United States District Judge